IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM LEON STEPHENS,

    Petitioner,

v.

GLEN JOHNSON, Warden,

    Respondent.

CIVIL ACTION NO.: CV212-192

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Williams Stephens ("Stephens"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Jeff Davis County Superior Court. Respondent filed a Motion to Dismiss. Stephens filed a Response, as well as an amended petition. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Stephens was convicted, after pleading guilty, in Jeff Davis County Superior Court on February 28, 2003, of malice murder. Stephens was sentenced to life imprisonment on April 22, 2003, *nunc pro tunc* for February 28, 2003. This judgment was docketed on April 25, 2003. (Doc. No. 15-1, pp. 95-97). On February 27, 2012, Stephens filed an extraordinary motion for new trial (Doc. No. 15-2, pp. 4-7), which was denied on February 29, 2012. (Doc. No. 15-2, pp. 8-10). Stephens filed a notice of appeal on March 6, 2012. (Doc. No. 15-2, pp. 12-13). The Georgia Supreme Court

affirmed the trial court's denial of Stephens' motion on October 15, 2012. (Doc. No. 15-2, pp. 23-30).

Stephens executed this petition on November 12, 2012, and it was filed on November 15, 2012. Stephens asserts that his right to due process was violated because venue was not charged properly and the trial court lacked jurisdiction. Stephens alleges that his trial counsel was ineffective and caused him (Stephens) to enter an involuntary and unknowing guilty plea. Stephens also alleges that he was convicted and sentenced pursuant to a vague statute, thus denying him equal protection of the law. In his amendment, Stephens contends that the prosecutor engaged in misconduct by, *inter alia*, knowingly presenting a void indictment to the court. Respondent contends Stephens' petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Stephens' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Stephens was sentenced in the Jeff Davis County Superior Court on April 25, 2003. Stephens did not file a direct appeal. Thus, his conviction became final on or about May 25, 2003. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Stephens' conviction became final on May 25, 2003, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008)

(a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Stephens' conviction became final on May 25, 2003, and he filed his extraordinary motion for a new trial on February 27, 2012. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period. The undersigned notes Stephens' contention that newly discovered evidence supports his claims, and he invokes § 2244(d)(1)(D) as the triggering event for statute of limitations purposes. However, Stephens fails to provide the Court with this allegedly newly discovered evidence. Additionally, it appears that the factual bases of Stephens' claims were known to him in 2003 and certainly well before he filed his motion for a new trial in 2012.

Having determined that statutory tolling is not available to Stephens, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), overruled on other grounds by Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly

AO 72A
(Rev. 8/82)

rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Stephens has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions, despite his bare assertion that he practiced due diligence. A review of the record in this case reveals Stephens filed nothing with any court until February 27, 2012, and there is no evidence that Stephens pursued any matter relating to his criminal case for nearly nine (9) years. See Holland, ___ U.S. at ___, 130 S. Ct. at 2565 (noting that the "diligence required for equitable tolling purposes is 'reasonable diligence', not 'maximum feasible diligence'[.]") (internal citations omitted). Moreover, Stephens fails to show that any circumstance—extraordinary or otherwise—prevented him from pursuing his claims earlier than he did.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Stephens' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 28th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE